**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Action No. 17-cr-00358-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JOSHUA OMAR GARCIA,

      Defendant.

---

**ORDER DENYING GOVERNMENT'S MOTION TO RECONSIDER**

---

This matter is before the Court on the Government's Motion for Reconsideration. (Doc. # 61.) For the following reasons, the Court denies the motion.[1]

## I.    <u>BACKGROUND</u>

This case involves a shoplifting incident that the Government decided to make into a federal case, but then let the grand jury indictment against Mr. Garcia remain sealed for **two years**. The Government's only explanation for such a long delay in pursuing prosecution of Mr. Garcia is that the Government deemed it inconvenient to try this case in federal court while Mr. Garcia was litigating a criminal case in Colorado state court. As a result, however, Mr. Garcia was forced to remain in pretrial confinement pending his state court trial because of the federal detainer. Moreover,

---

[1] Mr. Garcia did not file a Response.

after it decided to pursue criminal charges against Mr. Garcia, the Government failed to take steps to preserve relevant evidence, which was then destroyed. Accordingly, this Court found that the Government's actions in this case deprived Mr. Garcia of his constitutional right to a speedy trial. (Doc. # 60.)

In the instant Motion, the Government asks the Court to reconsider that decision. Notably, the Government's Motion **does not dispute** the majority of the Court's findings and conclusions, including the following:

- Mr. Garcia's Sixth Amendment speedy trial rights attached twenty-three (23) months before he was arrested for the charges at issue in this case. (*Id*. at 7.)

- "[T]he Government certainly did not need twenty-three months to prepare" a simple shoplifting case. (*Id*. at 8.)

- "To the extent it would have been merely inconvenient for the Government" to try this case while Mr. Garcia's state court case was pending, "that inconvenience is outweighed by the simplicity of the instant case, and the extent to which the state and federal cases are distinct." (*Id*. at 11) (citation omitted).

Rather, the Government's Motion seeks reconsideration of the Court's analysis with respect to whether Mr. Garcia suffered prejudice due to the delay that the Government caused.

## II.   <u>LEGAL STANDARD</u>

Litigants may raise motions for reconsideration "in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). "A motion to reconsider may be

granted when a court has misapprehended the facts, a party's position, or the law." *Id*. (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Specific grounds include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012.

"A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Christy*, 739 F.3d at 539. Thus, "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015) (citation omitted).

### III.   <u>ANALYSIS</u>

The Court determined that Mr. Garcia suffered prejudice for **two independent reasons**. Specifically, the Court found that, due to the delay, both relevant evidence was lost and Mr. Garcia unnecessarily spent two years in pretrial incarceration. The Government has not presented grounds for the Court to reconsider its conclusion that Mr. Garcia was prejudiced by the delay that it caused.

First, the Government argues that the Court erred by not holding a hearing on Mr. Garcia's Motion. However, the Government does not cite to any authority in support of the proposition that a court must hold a hearing on a motion, especially when it deems a hearing unnecessary in light of the evidence and arguments presented in the parties' briefing. After thoroughly reviewing the record, the Court determined that "a

hearing would not materially assist in the determination of [Mr. Garcia's] Motion." (Doc. # 60 at 1 n.1.) The Government has not shown that determination to be erroneous.

Second, the Government asserts that it has come into possession of evidence that would show that the surveillance video was deleted 36 days after the events at issue in this case, and that date was before the federal grand jury returned the indictment. (Doc. # 61 at 3.) Assuming, *arguendo*, that the video was deleted when the Government suggests, the Court's conclusion would not change. The Government decided to initiate criminal proceedings against Mr. Garcia. The Government had the ability to preserve evidence from the scene of the alleged crime. The Government failed to do so. Thus, the loss of the evidence **is still attributable to the Government**.

Third, the Government argues that the Court erred by "not allow[ing] the Government to impeach" Mr. Garcia's family members who submitted evidence showing that they were "gathering funds to post bond when they discovered that 'it was no longer possible to bond [Mr. Garcia] out' due to the federal detainer." (Doc. # 60 at 16) (citing (Doc. # 48-2 at 2)). The Court found the evidence Mr. Garcia's family submitted to be persuasive. The Government suggests that there is a theoretical possibility that— through cross examination—it **may have** cast doubt on the evidence. However, that position is inherently speculative and does not constitute grounds for the Court to reconsider its decision.

In summary, the Government has not shown that the Court has "misapprehended the facts, a party's position, or the law." *Christy*, 739 F.3d at 539 (citation omitted). Consequently, reconsideration is not warranted with respect to either of the Court's

4

independent justifications for finding that Mr. Garcia suffered prejudice due to the Government's delay in this case.

## IV.   <u>CONCLUSION</u>

Based on the foregoing, the Government's Motion for Reconsideration (Doc. # 61) is DENIED.


DATED: September 23, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge