IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Criminal Action No. 17-cr-00358-CMA-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSHUA OMAR GARCIA,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS 2 AND 3 FOR FAILURE TO STATE AN OFFENSE**

---

The matter is before the Court on Defendant Joshua Omar Garcia's Motion to Dismiss Counts 2 and 3 of the Indictment for Failure to State an Offense. (Doc. # 38.) For the following reasons, the Motion is granted.

I.    **BACKGROUND**

Except where noted, the following facts have been agreed to by the parties. On July 3, 2017, Loss Prevention Officers ("LPOs") observed Mr. Garcia taking merchandise off shelves at a Kmart in Aurora, Colorado, and concealing them in two backpacks. (Doc. # 38 at 2–3.) Mr. Garcia later exited the Kmart. (*Id.*) One of the LPOs caught up with Mr. Garcia outside the Kmart and requested he return to the building. (*Id.* at 3.) Mr. Garcia replied, "I will not be able to do that." (*Id.*) The LPO repeatedly told Mr. Garcia they just wanted the store merchandise back. (*Id.*) A second LPO also exited the

Kmart and ran towards Mr. Garcia. (*Id.*) During his interaction with the LPOs outside the Kmart, Mr. Garcia brandished, and subsequently discharged, a firearm and then fled the scene on foot.[1] (*Id*. at 3–4.)

On September 27, 2017, Mr. Garcia was charged by indictment with: (1) possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1); (2) Hobbs Act robbery, in violation of 18 U.S.C. § 1951; and, (3) discharging a firearm during, in relation to, and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Doc. # 1.) On April 20, 2020, Mr. Garcia filed the instant Motion wherein he argues that counts 2 and 3 should be dismissed pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v). (Doc. # 38.) The Government filed a Response (Doc. # 42) on May 4, 2020, and Mr. Garcia followed with his Reply (Doc. # 42) on May 8, 2020.[2] After reviewing the parties' briefs, the Court concludes that a hearing would not materially assist in the determination of this Motion, and neither party has requested one.

## II.     LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b)(3), a defendant may "raise[] by pretrial motion any defense . . . that the court can determine without a trial on the merits," including "failure to state an offense." Fed. R. Crim. P. 12(b)(1), 12(b)(3)(B)(v).

---

[1] The Government alleges that Mr. Garcia pointed his firearm at one of the LPOs but Mr. Garcia disputes that fact. (Doc. # 38 at 3 n.2; Doc. # 42 at 3.) This disputed fact does not alter the Court's analysis.

[2] One June 25, 2020, the Court granted Mr. Garcia's Motion to Dismiss for Violation of the Six Amendment Right to Speedy Trial (Doc. # 39) with prejudice (Doc. # 60). Consequently, all then-pending motions, including the instant one, were denied as moot. (*Id.*) The Government successfully appealed that Order, resulting in this case being remanded by the United States Court of Appeals for the Tenth Circuit. *See* (Docs. ## 69–70.) On February 8, 2023, this Court reopened the case.

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Welch*, 327 F.3d 1081, 1090 (10th Cir. 2003). Nonetheless, the United States Court of Appeals for the Tenth Circuit has recognized that courts "may always ask 'whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offence' and dismiss the indictment if its allegations fail that standard." *United States v. Pope*, 613 F.3d 1255, 1260 (10th Cir. 2010) (citing *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006)).

"[T]he strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). Therefore, the indictment is tested "solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *United States v. Qayyum*, 451 F.3d 1214, 1218 (10th Cir. 2006) (quoting *United States v. Reitmeyer*, 356 F.3d 1313, 1316 (10th Cir. 2004)).

### III.   DISCUSSION

Mr. Garcia argues that count 2, Hobbs Act robbery, should be dismissed because he "did not take property from Kmart by means of actual or threatened force," and thus, has not committed robbery as a matter of law. (Doc. # 38 at 1.) As Hobbs Act robbery is the predicate "crime of violence" underlying count 3, dismissal of count 2 would necessarily result in the dismissal of count 3. (*Id.* at 2.) The Government does not

dispute the relevant underlying facts or the propriety of Defendants pre-trial motion. (Doc. # 42 at 5–6); *Pope*, 613 F.3d at 1260 (explaining that "courts may entertain even motions to dismiss that require resort to facts outside the indictment and bearing on the general issue in the 'limited circumstances' where '[among other things] the government fails to object to the district court's consideration of those undisputed facts'" (quoting *Hall*, 20 F.3d at 1088)).

The Hobbs Act provides that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion . . ." shall be punished. 18 U.S.C. § 1951(a). The Act defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession . . . .

*Id*. at § 1951(b)(1).

Mr. Garcia argues that he did not accomplish the taking of Kmart merchandise "by means of actual or threatened force, or violence, or fear of injury." (Doc. # 38 at 8.) Rather, because the gun was brandished and fired only after Mr. Garcia left Kmart, he insinuates that any force or threat of force or violence occurred only during his escape. (*Id.*) In support, Mr. Garcia cites to a Tenth Circuit case, *United States v. Smith*, 156 F.3d 1043 (10th Cir. 1998), as well as a case from the United States District Court for the District of New Mexico, *United States v. Gutierrez*, No. 12-CR-00155 WJ, 2012 WL 13076329 (D.N.M. Sept. 19, 2012).

4

In *Smith*, two men entered a sporting goods store and requested that a salesperson remove two firearms from a display case for viewing. 156 F.3d at 1048. After ensuring the guns were unloaded, the salesperson handed the guns to Mr. Smith, who then fled the store with his associate. *Id.* Multiple store employees followed Mr. Smith to the parking lot where he got into his car. *Id.* A witness observed Mr. Smith intentionally direct his car at one of the employees. *Id.* at 1056. As Mr. Smith exited the parking lot, his car struck one of the pursuing employees, breaking his ankle. *Id.* at 1048.

Mr. Smith was indicted with Hobbs Act robbery and theft from a federally licensed firearms dealer. *Id.* at 1049. At the conclusion of the government's case at trial, Mr. Smith moved for judgment of acquittal, pursuant to Fed. R. Crim. P. 29, on the Hobbs Act charge. *Id.* at 1055. The Court denied the motion and the jury returned a guilty verdict.[3] *Id.* at 1049, 1055. Mr. Smith appealed the denial of his Rule 29 motion to the Tenth Circuit. *Id.* at 1047. The Tenth Circuit reversed the jury's verdict and concluded that "there was insufficient evidence to prove that Mr. Smith accomplished the theft by means of actual or threatened force or violence." *Id.* at 1056. Specifically, the Tenth Circuit held that "[t]he fact that several employees followed Mr. Smith into the parking lot, and that [one employee] was injured by a getaway car, does not support a finding that Mr. Smith took the guns by means of force or violence." *Id.*

---

[3] At his first trial the jury could not reach a unanimous verdict and the judge therefore declared a mistrial. *Smith*, 156 F.3d at 1049. The jury convicted Mr. Smith at the conclusion of his second trial. *Id.*

5

In so concluding the Tenth Circuit differentiated robbery from theft or larceny—which is defined as "the taking of property without the owner's consent, but without force or violence." *Id.* (citing Black's Law Dictionary, 1477 (6th ed.1990)). The Tenth Circuit noted that "there [was] no evidence that Mr. Smith brandished the guns or in any way threatened any store employee, [rather t]he evidence show[ed] that he simply made his way toward the door and ran into the parking lot." *Id.*

In *Gutierrez* a defendant entered a Kmart store, placed merchandise into a backpack, and exited the store without paying for the items. 2012 WL 13076329, at *1. About twenty feet from the store's exit a Kmart LPO grabbed the backpack of stolen goods from Mr. Gutierrez and a struggle ensued. *Id.* During the struggle the LPO was struck in the head with a pistol, and Mr. Gutierrez threatened to shoot the LPO. *Id.* An associate of Mr. Gutierrez's grabbed the backpack back from the LPO and fled with Mr. Gutierrez on foot. *Id*. Mr. Gutierrez was charged with Hobbs Act robbery and conspiracy to commit Hobbs Act robbery. *Id.*

Mr. Gutierrez moved to dismiss his indictment, but the Court denied his motion. *Id.* at *1–*3. Like Mr. Smith, Mr. Gutierrez argued that he had not committed robbery because "the use of force or threat of violence occurred only after the theft had been completed." *Id.* at *2. However, the court disagreed, reasoning that Mr. Gutierrez's accomplice "regained the backpack of stolen goods only through the use of force." *Id.* The court thereby distinguished Mr. Gutierrez's case from *Smith*, which it summarized as holding "that the theft had been completed when the defendant left the store," and

6

"that injuring a store employee during the defendant's escape did not convert a theft into a robbery." *Id.*

In his instant Motion, Mr. Garcia argues that *Smith* is directly on point and should be followed. (Doc. # 38 at 7.) Mr. Garcia points out that in both cases defendants (1) took store merchandise without force, violence, or threat; (2) exited the store prior to any direct confrontation with store employees; and (3) used or threatened force or injury in the parking lot. (*Id.* at 8); *cf. Smith*, 156 F.3d at 1048. Further, Mr. Garcia argues that his case is distinguishable from *Gutierrez* because he maintained control of the stolen merchandise at all times. (Doc. # 38 at 9); *cf. Gutierrez*, 2012 WL 13076329, at *1. Thus, just as the District of New Mexico distinguished *Gutierrez* from *Smith*, Mr. Garcia asserts his case is distinguishable from *Gutierrez*.

The Government disagrees with Mr. Garcia's reading of the relevant case law. Pointing to the first element of robbery, "the unlawful taking or obtaining of personal property from the person or in the presence of another . . . ," 18 U.S.C. § 1951(b)(1), the Government argues that the central issue the Court must decide is "the place of the 'taking.'" (Doc. # 42 at 5.) The Government asserts that Mr. Garcia's "taking" of Kmart property was only completed upon the discharge of his weapon in the parking lot—which is Kmart property. (*Id.* at 6–7.) Therefore, in the Government's eyes, because the discharge of his firearm "effectuated the taking," Mr. Garcia committed robbery. (*Id.*)

The Government also attempts to distinguish the instant case from *Smith*. (*Id.* at 7–9.) Specifically, the Government notes that in *Smith* there was no verbal confrontation

7

between the defendant and store employees,[4] no firearm was brandished or discharged, and the defendant struck an employee while fleeing in his vehicle. (*Id.* at 8–9); *cf. Smith*, 156 F.3d at 1048. Further, the Government argues that *Smith* does not stand for the proposition that a taking "concludes the moment a defendant passes all points-of-purchase and walks out the door." (*Id.* at 9.) According to the Government, such a reading of *Smith* would "limit the applicability of Hobbs Act robbery when Congress never intended to do so." (*Id.* (citing *Stirone v. United States*, 361 U.S. 212, 215 (1960) ("The Act speaks in broad language, manifesting a purpose to use all the constitutional power Congress has to punish interference with interstate commerce by extortion, robbery or physical violence. The Act outlaws such interference 'in any way or degree.'")))

Finally, the Government argues that the *Gutierrez* court explicitly declined to rule on where the taking occurred. (*Id.* at 10 (citing *Gutierrez*, 2012 WL 13076329, at *2.)) However, the Government then goes on to argue in the same paragraph that in *Gutierrez*, "the court concluded that the Hobbs Act robbery occurred where the confrontation took place: in the parking lot." (*Id.*)

Although the Court reads neither *Smith* nor *Gutierrez* as expressly commenting on the moment a "taking" is complete, this Court agrees with Mr. Garcia that *Smith* is directly on point and should be followed. In *Smith* the Tenth Circuit concurred with the

---

[4] On June 24, 2020, Mr. Garcia filed "Defendant's Supplemental Authority to ECF Numbers 38 & 45" (Doc. # 59) in which he disputes the government's contention that no confrontation occurred between the defendant and store employees in *Smith*. (*Id.* at 2.) This dispute does not alter the Court's analysis.

defendant's argument that the "escape phase of a theft does not transform . . . a theft into a robbery." *Smith*, 156 F.3d at 1056. The factual differences the Government articulates between *Smith* and the instant case appear immaterial. In particular, the Tenth Circuit does not point to any of these facts in making the determination that Mr. Smith was engaged in his escape, rather than in the taking, when he used force. *Id.* at 1056. Further, the Tenth Circuit makes no reference to property lines in *Smith*, and the Government points to no legal authority which holds a taking remains in progress so long as a would-be robber is on the victim's property.

Finally, although the Court acknowledges that courts have construed the Hobbs Act broadly, *see Stirone*, 361 U.S. at 215, the Court declines to read § 1951 as including theft or larceny. As the Tenth Circuit has explained, "[w]hen construing statutes, [courts] begin with the plain language of the text itself." *United States v. Ko*, 739 F.3d 558, 560 (citing *Watt v. Alaska*, 451 U.S. 259, 265 (1981)). Courts are also instructed to consult precedents informing the analysis of statutes. *Id.* (citing *Dolan v. U.S. Postal Service*, 546 U.S. 481, 486 (2006)). The statute under which Mr. Garcia was indicted punishes individuals who commit robbery, defined as "the unlawful taking . . . of personal property . . . **by means of actual or threatened force, or violence, or fear of injury**. . . ." 18 U.S.C. § 1951(b)(1) (emphasis added). The Tenth Circuit considered this language in assessing the facts of *Smith*, which are substantially similar to the facts at hand. 156 F.3d at 1056. The Tenth Circuit then overturned a jury verdict—concluding there was insufficient evidence to demonstrate Mr. Smith committed robbery. *Id.* Thus,

the Court concludes that *Smith* is binding precedent, and that dismissal of counts 2 and 3 of Mr. Garcia's indictment is thereby required.

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- Defendant Joshua Omar Garcia's Motion to Dismiss Counts 2 and 3 for Failure to State an Offense (Doc. # 38) is GRANTED;
- Counts 2 and 3 of the Indictment (Doc. # 1) are DISMISSED WITH PREJUDICE;
- Defendant's Motion to Dismiss Count 3 (Doc. # 36) is DENIED AS MOOT.

DATED: March 29, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge