**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello**

Criminal Action No. 17-cr-00358-CMA-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JOSHUA OMAR GARCIA,

      Defendant.

---

## ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS THE INDICTMENT

---

This matter is before the Court on Defendant Joshua Omar Garcia's Motion to Dismiss the Indictment Under the Second Amendment (Doc. # 99) and Motion to Dismiss Count One of the Indictment for an Offense that Exceeds Congress' Authority Under the Commerce Clause (Doc. # 100). For the following reasons, the Motions are denied.

The Court incorporates its previous recitation of the background of this case as stated in its Order Granting Defendant's Motion to Dismiss Counts 2 and 3 For Failure to State an Offense. (Doc. # 77.) On March 29, 2023, the Court concluded that, pursuant to binding precedent from the United States Court of Appeals for the Tenth Circuit, *United States v. Smith*, 156 F.3d 1043 (10th Cir. 1998), the United States had failed to allege that Mr. Garcia accomplished the taking at issue by actual or threatened force or violence. (*Id.* at 5–10.) Accordingly, the Court dismissed Count 2, Hobbs Act

Robbery, and Count 3, discharging a firearm during, in relation to, and in furtherance of a crime of violence, of the Indictment pursuant to Federal Rules of Criminal Procedure 12(b)(1) and 12(b)(3)(B)(v). (*Id.* at 10.) The Government appealed the Court's Order on April 28, 2023 (Docs. ## 86–88), but then voluntarily dismissed the appeal (Docs. ## 92–93), returning jurisdiction to this Court.

On October 2, 2023, Mr. Garcia filed the instant Motions to dismiss the sole remaining Count of the Indictment, possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), as unconstitutional. (Docs. ## 99–100.) In both Motions Mr. Garcia acknowledges that his arguments are foreclosed by current Tenth Circuit precedent and that he is filing the Motions "for preservation purposes only." (Doc. # 99 at 1; Doc. # 100 at 1.) The Government filed its Responses (Docs. ## 101–02) on October 3, 2023. The Court exercises its discretion under D.C.COLO.LCivR 7.1(d) to rule on the Motions without awaiting the benefit of replies.

In his Motion to Dismiss the Indictment Under the Second Amendment (Doc. # 99) Mr. Garcia argues that, pursuant to the United States Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), section 922(g)(1) is facially unconstitutional. *See generally* (*id.*) However, as acknowledged by Mr. Garcia, the Tenth Circuit has already considered this argument in *Vincent v. Garland*, 80 F.4th 1197, 1201–02 (10th Cir. 2023). In *Vincent*, the Tenth Circuit concluded "that *Bruen* did not indisputably and pellucidly abrogate" the court's prior precedential opinion in *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009), which "upheld the constitutionality of the federal ban for any convicted felon's

2

possession of a firearm." *Vincent*, 80 F.4th at 1202. Mr. Garcia has not presented

arguments to distinguish his case from *Vincent* which the Court is obligated to apply. *Id.*

at 1200.

Similarly, in his Motion to Dismiss Count One of the Indictment for an Offense

that Exceeds Congress' Authority Under the Commerce Clause (Doc. # 100), Mr.

Garcia asserts that section 922(g)(1) is unconstitutional, albeit for a different reason.

This time, Mr. Garcia avers that because conviction under section 922(g)(1) only

requires that the firearm in question moved across state lines at some point, in enacting

this law Congress exceeded its authority to "regulate Commerce . . . among the several

states." (*Id.* at 1–2 (quoting U.S. Const. art. I, § 8, cl. 3).) However, once again, as

acknowledged by Mr. Garcia, the Tenth Circuit has considered this argument and has

repeatedly upheld the constitutionality of section 922(g)(1) under the Commerce

Clause. *United States v. Griffith*, 928 F.3d 855, 865 (10th Cir. 2019) (pointing to §

922(g)(1) as having "specifically passed constitutional scrutiny under the Commerce

Clause"); *United States v. Dorris*, 236 F.3d 582, 586 (10th Cir. 2000) (finding that

Congress did not exceed its authority when enacting § 922(g)(1)); *United States v.*

*Farnsworth*, 92 F.3d 1001, 1006 (10th Cir. 1996) (finding that a challenge to section

922(g) in light *of United States v. Lopez*, 514 U.S. 549 (1995)—which held that federal

law criminalizing possession of firearms within school zones exceeded Congress'

commerce clause authority—"has been foreclosed by this Circuit's decision in" *Bolton*);

*United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995) ("Section 922(g)'s

requirement that the firearm have been, at some time, in interstate commerce is

sufficient to establish its constitutionality under the Commerce Clause." (internal

citations omitted)). Mr. Garcia has not presented arguments to depart from these

binding precedents.

Based on the foregoing, the Court ORDERS that Defendant Joshua Omar

Garcia's Motion to Dismiss the Indictment Under the Second Amendment (Doc. # 99),

and Motion to Dismiss Count One of the Indictment for an Offense that Exceeds

Congress' Authority Under the Commerce Clause (Doc. # 100) are DENIED.

DATED: October 6, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge